UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE GUZMAN RAMIREZ,<br><br>    Petitioner,<br><br>v.<br><br>DAVID LONG, Warden, C.C.C.F.,<br><br>    Respondent. | No. CV 16-3615-FFM<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO PROSECUTE |

**PROCEEDINGS**

On or about May 24, 2016, petitioner Rene Guzman Ramirez ("petitioner"), a California inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "petition") pursuant to 28 U.S.C. § 2254. (Dkt. 1.)

After initially reviewing the petition, on May 27, 2016, the Court issued its standard Order Requiring Return to Petition for Writ of Habeas Corpus (the "case management order"). (Dkt. 4.) Therein, the Court ordered that, if respondent elected to file a return to the petition, petitioner was to file a reply to the return within thirty days after service thereof. (*Id.* at 3.) Additionally, the Order expressly required petitioner to apprise the Court of any address changes and

///

1

warned that a failure to do so would result in a dismissal of the petition for failure to prosecute. (*Id.* at 4.)

On July 5, 2016, petitioner informed the Court that he had been granted early parole under California Assembly Bill 109, Cal. Stats. 2011, ch. 15. (Dkt. 8.) Petitioner advised the Court that, as a result, he would be released from prison and into the custody of Los Angeles County Probation Department on July 6, 2016. Furthermore, petitioner stated that his new address would be 334 1/4 W. 87th St., Los Angeles, CA 90003.

After several extensions of time, respondent filed a return to the petition on September 2, 2016. (Dkt. 13.) Accordingly, petitioner's reply was due on or before October 3, 2016. To date, petitioner has not filed a reply, sought an extension of time in which to do so, or otherwise communicated with the Court.

Finally, the Court notes that each piece of mail it has attempted to deliver to plaintiff since July 22, 2016, has been returned as undeliverable. (*See* Dkts. 11, 18-20.) Thus, it appears that petitioner has failed to keep the Court apprised of his correct address.

**DISCUSSION**

The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and failure to comply with Court orders. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962) (finding that "[t]he power to [dismiss for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts"); Fed. R. Civ. P. 41(b). In *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits,

2

and (5) the availability of less drastic sanctions." *See Carey*, 856 F.2d at 1440. The same factors are evaluated when determining whether to dismiss an action based on a party's failure to comply with a Court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

The Five *Carey* Factors Warrant Dismissal

    1.    Public's Interest in the Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Furthermore, in addition to the public's inherent interest in the expeditious resolution of litigation, plaintiff's inactivity and failure to comply with the Court's case management order further warrant dismissal. Indeed, during the approximately ten months since petitioner was released from prison, he has failed to provide the Court with his current address. Without petitioner's address, the Court cannot effectively grant petitioner any relief, even if justified, because the Court cannot locate petitioner.

    2.    The Court's Need to Manage Its Docket

District courts are permitted to control their dockets "without being subject to endless non-compliance with case management orders." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

As noted above, petitioner's inaction has caused this case to remain inactive on the Court's docket for approximately eight months. This case cannot continue languishing on the Court's docket because of petitioner's ongoing failure to advance his own cause. Accordingly, the Court's need to control its docket strongly supports dismissal.

///

3. Risk of Prejudice to Respondent

"[T]he failure to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (ellipses in original) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). Here, petitioner has not only delayed this case's advance, but he has also declined to communicate with the Court in any way. Accordingly, he has not provided any excuse for the delay, let alone a reasonable excuse. Because petitioner has not demonstrated any reason for his continued failure to notify the Court of his new address, prejudice to respondent is presumed. Therefore, this factor weighs in favor of dismissal.

4. Public Policy Favoring Disposition on the Merits

Ordinarily, the public policy favoring disposition of cases on their merits militates against dismissal. *See, e.g.*, *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1228. However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *See id.* (citations omitted). It is a habeas petitioner's responsibility to move a case toward a disposition on the merits. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (stating that it is the "responsibility of the moving party" to advance a matter toward a disposition on the merits).

As discussed above, petitioner's failure to provide the Court with his address prevents the Court from moving this case towards a disposition on the merits. Accordingly, petitioner has caused this case to remain stalled for eight months with no indication that it will ever be disposed of on the merits. Therefore, the fourth factor weighs against dismissal only minimally, if at all.

5. Availability of Less Drastic Alternatives

Finally, the fifth *Carey* factor weighs in favor of dismissal. Petitioner has not kept the Court up to date regarding his address and has altogether ceased

4

participating in his own case.  Thus, the Court is left with only two options: allow this matter to remain open and on the Court's docket until some unknown time when petitioner regains an interest in this litigation; or dismiss this case.  For the litany of reasons discussed herein, the only reasonable option is to dismiss the matter.  Petitioner was adequately warned that the failure to follow Court orders or notify the Court of any address changes would result in the dismissal of this case for failure to prosecute.  Accordingly, the fifth factor further encourages dismissal.

**ORDER**

It is therefore ordered that the petition be DISMISSED without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 19, 2017

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge